UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| GREY ERIC EATON, | : | CASE NO. 14-50223-MGD |
| | : | |
| Debtor. | : | |
| | : | |

**MOTION FOR ORDER AUTHORIZING SETTLEMENT WITH SETERUS, INC. UNDER FEDERAL RULES OF BANKRUPTCY PROCEDURE RULE 9019**

COMES NOW Neil C. Gordon, Chapter 7 Trustee ("Trustee") for the bankruptcy estate (the "Bankruptcy Estate") of Grey Eric Eaton ("Debtor"), by and through the undersigned counsel, and files his *Motion for Order Authorizing Settlement with Seterus, Inc. under Federal Rules of Bankruptcy Procedure Rule 9019* (the "Settlement Motion"). In support of the Settlement Motion, Trustee respectfully shows the Court as follows:

**I. JURISDICTION**

1.      This Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure. This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

**II. BACKGROUND**

2.      On January 4, 2014 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code and initiated the instant bankruptcy case, Case No. 14-50223-MGD (the "Case").

3.      Trustee was appointed to the Case as the interim Chapter 7 trustee on January 6, 2014, under 11 U.S.C. § 701(a)(1).

8456162v1                                                           1

4. The original meeting of creditors was held on February 5, 2014, but it was continued four (4) times before it was finally concluded on May 8, 2014, at which time Trustee became the permanent Chapter 7 Trustee, under 11 U.S.C. § 702(d).

5. At the commencement of the Case, the Bankruptcy Estate was created under 11 U.S.C. § 541(a), and the Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Case and any interest in property that the Bankruptcy Estate acquires after commencement of the Case. 11 U.S.C. § 541(a)(1) and (7) (2015).

6. Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a) (2015).

7. On the Petition Date, Debtor had an undivided one-half ownership interest in that certain real property known generally as 2849 Baronet Court, Duluth, Gwinnett County, Georgia 30096 (the "Property").

8. Debtor jointly owned the Property with his ex-spouse, Mary Blaesing ("Ms. Blaesing").

9. By a *Security Deed* (the "EquiBanc Deed") dated November 24, 1998, Debtor and Ms. Blaesing granted a security interest in the Property to FT Mortgage Companies, d/b/a EquiBanc Mortgage Corporation (collectively, "EquiBanc"), the original lender and grantee under the EquiBanc Deed to secure an indebtedness in the original principal amount of $161,400 (the "EquiBanc Loan").

10. On December 7, 1998, the EquiBanc Deed was recorded in the real property records with the Clerk of the Superior Court of Gwinnett County, Georgia (the "Real Estate Records").

11. Debtor and Ms. Blaesing executed a *Security Deed* (the "BofA Deed") dated June 13, 2003, thereby granting a security interest in the Property to Bank of America, N.A. ("BofA"), the original lender and grantee under the BofA Deed, to secure an indebtedness in the original principal amount of $166,370.00 (the "BofA Loan").

12. On July 30, 2003, a *Satisfaction of Mortgage* was recorded in the Real Estate Records, reflecting the satisfaction of the EquiBanc Loan on June 20, 2003, and authorizing the cancellation, release and discharge of the EquiBanc Deed (the "Satisfaction").

13. The BofA Deed was never recorded in the Real Estate Records.

14. The BofA Loan was sold to Federal National Mortgage Association, and Seterus, Inc. (collectively with the Federal National Mortgage Association, "Seterus") is now servicing the BofA Loan, which has a payoff in the amount of $132,003.55 as of November 19, 2015, with interest accruing at a rate of $17.75 per day (the "Seterus Payoff").

15. Trustee asserts that because the BofA Deed was never recorded in the Real Estate Records, Seterus does not have an enforceable security interest in the Property of the Debtor or the Bankruptcy Estate.

16. Trustee further asserts that, to the extent necessary, the BofA Deed is avoidable by Trustee under 11 U.S.C. § 544(a)(3) because: (a) the BofA Deed does not provide constructive notice of any security interest in the Property; and (b) in his position as a hypothetical *bona fide* purchaser of real property, Trustee has a superior claim in the Property than that of Seterus.

17.    Seterus disputes Trustee's assertions (the "Security Deed Issues").

18.    Although Trustee and Seterus deny and reject the opposing party's claims and allegations and do not admit or accept any liability of any nature in connection therewith, to avoid the further cost and the uncertainties of litigation, Trustee and Seterus now desire to settle finally and forever the disputes related to the Security Deed Issues.

### III. THE SETTLEMENT

19.    Following negotiations, Trustee and Seterus (collectively, the "Parties") have reached an agreement to resolve the Security Deed Issues raised by Trustee, subject to Bankruptcy Court approval. Trustee attaches a copy of the Joint Stipulation and Settlement Agreement (the "Settlement Agreement") as Exhibit "A." Significant terms of the Settlement Agreement are as follows:[1]

a.    Within thirty (30) days of execution of the Settlement Agreement, Seterus shall remit or cause to be remitted to Trustee the Settlement Amount of EIGHTY THOUSAND AND NO/100s DOLLARS ($80,000.00), in the form of a cashier's check or official bank check made payable to "Neil C. Gordon, Chapter 7 Trustee (EATON)" and delivered to Trustee's attention, Arnall Golden Gregory LLP, 171 17th Street, N.W., Suite 2100, Atlanta, Georgia 30363-1031;[2]

b.    Upon Bankruptcy Court approval of the Settlement Agreement, Seterus shall have the ability to record the BofA Deed on the Property or take any steps necessary to establish its security interest in the Real Estate Records;

---

[1]    The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

[2]    Capitalized terms not defined in this Settlement Motion shall have the meanings given to them in the Settlement Agreement.

8456162v1                                                         4

  c. Upon Bankruptcy Court approval of the Settlement Agreement, Trustee shall release Seterus from any and all claims by the Bankruptcy Estate and dismiss Adversary Proceeding No. 15-05465, which was filed (but not served) to preserve the statute of limitations pending court approval of this Settlement; and

  d. Upon Bankruptcy Court approval of this Agreement, Seterus shall release Trustee and the Bankruptcy Estate from all claims and causes of action, except Seterus shall be allowed a non-priority unsecured claim in the amount of $80,000.00 that shall be subordinated to all other allowed claims in the Case.

### IV. RELIEF REQUESTED

20. By this Settlement Motion, Trustee requests that the Court approve the Settlement Agreement between Trustee and Seterus.

### V. BASIS FOR RELIEF

21. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

8456162v1       5

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

22. The proposed settlement between Trustee and Seterus is the product of arms-length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

23. Given the potential expense of litigation, in the event the claims which are proposed to be settled are instead prosecuted, the amount of time that such litigation will require, the delay before the final outcome is known, and the complexity and uncertain resolution of factual and legal disputes, settlement on the terms described herein is in the best interests of the Bankruptcy Estate.

24. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee urges the Court to approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate

the terms of the Settlement Agreement; and (iii) granting to the parties such other and further relief as the Court deems just and appropriate.

Respectfully submitted, this 15th day of January, 2016.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: /s/ Neil C. Gordon
Neil C. Gordon
Georgia Bar No. 302387
neil.gordon@agg.com
Michael J. Bargar
Georgia Bar No. 645709
michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

EXHIBIT "A" FOLLOWS

Case 14-50223-mgd    Doc 46    Filed 01/15/16    Entered 01/15/16 20:37:23    Desc Main
Document    Page 8 of 15

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-50223-MGD |
| | ) | |
| GREY ERIC EATON, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## JOINT STIPULATION AND SETTLEMENT AGREEMENT

This *Joint Stipulation and Settlement Agreement* (the "Agreement") is by and between Neil C. Gordon, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Grey Eric Eaton (the "Estate") and Seterus, Inc., as the authorized subservicer for Federal National Mortgage Association, by assignment from Bank of America, N.A. (collectively, "Seterus"; and collectively with Trustee, the "Parties"):

WHEREAS, Grey Eric Eaton ("Debtor") filed his petition under Chapter 7 of Title 11 of the United States Code on January 4, 2014 (the "Petition Date"), thereby initiating Case No. 14-50223-MGD (the "Case"); and

WHEREAS, Trustee was appointed to the Case as the interim Chapter 7 trustee on January 6, 2014, pursuant to 11 U.S.C. § 701(a)(1); and

WHEREAS, the original meeting of creditors was held on February 5, 2014, pursuant to 11 U.S.C. § 341(a), but it was continued four (4) times before it was finally concluded on May 8, 2014, at which time Trustee became the permanent Chapter 7 trustee, pursuant to 11 U.S.C. § 702(d); and

8403373v1

WHEREAS, Debtor has an undivided one-half ownership interest in that certain real property known generally as 2849 Baronet Court, Duluth, Gwinnett County, Georgia 30096 (the "Property"); and

WHEREAS, Debtor jointly owns the Property with his ex-spouse, Mary Blaesing ("Ms. Blaesing"); and

WHEREAS, Trustee asserts that by a *Security Deed* (the "EquiBanc Deed") dated November 24, 1998, Debtor and Ms. Blaesing granted a security interest in the Property to FT Mortgage Companies, d.b.a. EquiBanc Mortgage Corporation (collectively, "EquiBanc"), the original lender and grantee under the EquiBanc Deed to secure an indebtedness in the original principal amount of $161,400 (the "EquiBanc Loan"); and

WHEREAS, Trustee asserts that on December 7, 1998, the EquiBanc Deed was recorded in the real property records with the Clerk of the Superior Court of Gwinnett County, Georgia (the "Real Estate Records"); and

WHEREAS, Debtor and Ms. Blaesing executed a *Security Deed* (the "BofA Deed") dated June 13, 2003, thereby granting a security interest in the Property to Bank of America, N.A. ("BofA"), the original lender and grantee under the BofA Deed, to secure a indebtedness in the original principal amount of $166,370.00 (the "BofA Loan"); and

WHEREAS, Trustee asserts that on July 30, 2003, a *Satisfaction of Mortgage* was recorded in the Real Estate Records, reflecting the satisfaction of the EquiBanc Loan on June 20, 2003, and authorizing the cancellation, release and discharge of the EquiBanc Deed (the "Satisfaction"); and

8403373v12

WHEREAS, Trustee asserts that the BofA Deed was never recorded in the Real Estate Records; and

WHEREAS, The Parties understand that the BofA Loan was sold, is now being serviced by Serterus, Inc., and has a current payoff in the amount of $132,003.55 as of November 19, 2015, with interest accruing at a rate of $17.75 per day (the "Seterus Payoff"); and

WHEREAS, Trustee asserts that because the BofA Deed was never recorded in the Real Estate Records, Seterus does not have an enforceable security interest in the Property of the Debtor or the Estate; and

WHEREAS, Trustee further asserts that, to the extent necessary, the BofA Deed is avoidable by Trustee under 11 U.S.C. § 544(a)(3), because: (a) the BofA Deed does not provide constructive notice of any security interest in the Property; and (b) in his position as a hypothetical *bona fide* purchaser of real property, Trustee has a superior claim to Seterus in the Property; and

WHEREAS, Seterus disputes Trustee's claims; and

WHEREAS, on the basis of this Agreement, the Parties mutually desire to settle all disputes and issues and avoid further litigation thereof for payment of the sum of $80,000.00 (the "Settlement Amount"), for which amount Seterus will be entitled to file a proof of claim that will be allowed as non-priority unsecured and subordinated to all other allowed claims in the Case; and

8403373v1 3

WHEREAS, following Bankruptcy Court approval of the Agreement and receipt of the Settlement Amount, Trustee consents to Seterus's right and ability to record the BofA Deed on the Property, and take any other action necessary to establish the validity of the BofA Deed in the Real Estate Records.

NOW, THEREFORE, as set forth below, the Parties agree as follows:

1. Within thirty (30) days of execution of this Agreement, Seterus shall remit or cause to be remitted to Trustee the Settlement Amount of EIGHTY THOUSAND AND NO/100s DOLLARS ($80,000.00), in the form of a cashier's check or official bank check made payable to "Neil C. Gordon, Chapter 7 Trustee (EATON)" and delivered to Trustee's attention, Arnall Golden Gregory LLP, 171 17th Street, N.W., Suite 2100, Atlanta, Georgia 30363-1031.

2. Following Trustee's receipt of the fully executed Agreement and Settlement Amount, Trustee shall file a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking the Bankruptcy Court's approval of the Agreement (the "Settlement Motion").

3. Upon Bankruptcy Court approval of this Agreement, the Seterus shall have the ability to record the BofA Deed on the Property or take any steps necessary to establish its security interest in the Real Estate Records.

4. Upon Bankruptcy Court approval of this Agreement, Trustee releases Seterus from any and all claims by the Estate.

8403373v14

5. Upon Bankruptcy Court approval of this Agreement, Seterus hereby releases Trustee and the Estate from all claims and causes of action, except Seterus shall be allowed a non-priority unsecured claim in the amount of $80,000.00 that shall be subordinated to all other allowed claims in the Case.

6. The Parties each agree to take any and all actions and execute any other documents as may be reasonably required the Parties to effect the purpose and intent of this Agreement.

7. Any dispute over this Agreement shall be determined solely by the Bankruptcy Court in this Case.

8. The Parties acknowledge and represent being fully advised by their respective legal counsel of their rights and responsibilities under this Agreement or, alternatively, having had an opportunity to retain the services of independent legal counsel and having affirmatively elected not to do so, that they have read, know and understand completely the contents hereof, and that they have voluntarily executed the same.

9. The Parties hereto further acknowledge having had input into the drafting of this Agreement or, alternatively, having had an opportunity to have input into the drafting of this Agreement. Accordingly, in any construction to be made of this Agreement, it shall not be construed for or against any party, but rather shall be given a fair and reasonable interpretation, based on the plain language of the Agreement and the expressed intent of the Parties.

8403373v1 5

10. This Agreement contains the entire, final, complete, and exclusive agreement between the Parties to the subject matter contained herein. There are no other representations, agreements, arrangements, or understandings, oral or written, between the Parties relating to the subject matter contained herein, which are not fully expressed herein.

STIPULATED AND AGREED TO this 13th day of January, 2016.

| | |
|---|---|
| NEIL C. GORDON<br>CHAPTER 7 TRUSTEE<br><br>By: _____<br>   Neil C. Gordon<br>   State Bar No. 302387<br>ARNALL GOLDEN GREGORY LLP<br>171 17th Street, N.W.<br>Suite 2100<br>Atlanta, GA  30363-1031<br>Tel: (404) 873-8596 / Fax (404) 873-8597<br>Email: *Neil.gordon@agg.com*<br>Attorneys for Trustee | SETERUS, INC., as the authorized subservicer for Federal National Mortgage Association<br><br>By: _____<br>   Travis E. Menk<br>   State Bar No. 632610<br>*[Signed by Neil C. Gordon with "express permission" granted January 13th, 2015.]*<br>BROCK AND SCOTT<br>5121 Parkway Plaza Boulevard, Suite 300<br>Charlotte, NC 28217<br>Tel: (704) 643-0290 / Fax: (704) 369-0290<br>Email: *travis.Menk@brockandscott.com*<br>**Attorneys for Seterus** |

8403373v16

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served a true and correct copy of the foregoing *Motion for Order Authorizing Settlement with Seterus, Inc. under Federal Rules of Bankruptcy Procedure Rule 9019* by first class United States mail on the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Travis E. Menk
Brock and Scott
5121 Parkway Plaza Boulevard
Suite 300
Charlotte, NC 28217

Grey Eric Eaton
2849 Baronet Court
Duluth, GA 30096

Eric E. Thorstenberg
Attorney at Law, LLC
Northside Tower, Suite 621
6065 Roswell Road
Atlanta, GA 30328

Glen Scott Buff
The Buff Law Firm
1790 Atkinson Road, Suite D-200
Lawrenceville, GA 30043-7987

This 15th day of January, 2016.

Neil C. Gordon
Georgia Bar No. 302387

8456162v1